IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Donald Johnson, on behalf of himself and all others similarly situated,<br><br>Curtis Hollars, on behalf of himself and all others similarly situated,<br><br>        Plaintiffs,<br>  v.<br><br>National Credit Acceptance, Inc., et al.,<br><br>        Defendant(s).<br>_____/ | NO. C 05-00274 JW<br><br>Related Case No. C 05-00978<br><br>**PRELIMINARY APPROVAL ORDER OF THE CLASS ACTION SETTLEMENT** |

**<u>Preliminary Approval Order of the Class Action Settlement</u>**

This matter comes before the Court on the joint request of Donald Johnson and Curtis Hollars, in their individual capacities and on behalf of the Settlement Class, on the one hand, and National Credit Acceptance, Inc., NCA Financial Services, Inc., and S. Ritter, the named Defendants, on the other hand, for preliminary approval of the Class Action Settlement Agreement (the "Agreement"), dated February 17, 2006. The Court conducted a hearing on March 27, 2006. Based on the Court's review of the Agreement and its attached exhibits, and, good cause appearing,

IT IS HEREBY ORDERED AS FOLLOWS:

1. <u>Definitions</u>.  For the purposes of this Order, the Court adopts by reference the definitions set forth in the Definitions section of the Class Action Settlement Agreement, which is attached to the Joint Motion as <u>Exhibit A</u>.

2. <u>Preliminary Approval</u>.  The Court preliminarily approves the Settlement of the Action set forth in the Agreement, the parties' Joint Motion and Exhibits thereto as being fair, reasonable, and adequate to the Parties.  Specifically, this Court finds that:

   a. The following Class is hereby certified for settlement purposes: All consumers who, according to Defendants' records, were sent a collection letter that was materially identical or substantially similar to Exhibits 2, 5, or 7 (attached to the *Johnson* complaint), or Exhibit 1 (attached to the *Hollars* complaint) by Defendants in the year prior to the filing of this litigation and which letters were not returned by the postal service as undeliverable.

   b. Payment of a pro rata share of a $20,000.00 settlement fund to those class members who timely submit a claim form is fair and reasonable, based upon the Defendants' net worth representations.  The Defendants have represented that this settlement accounts greater than 65% of the 1% net worth recovery permitted by statute.

   c. Payment of $3,000.00 to each of the named Class Representatives, Donald Johnson and Curtis Hollars, and a release of any purported obligation to pay the alleged debts Defendants sought to collect from them is fair and reasonable compensation for their roles in this litigation.

   d. Payment of $25,000.00 in attorneys' fees and costs, which is not taken from any recovery to the Class Members, is fair and reasonable for the services provided by Class Counsel in this case, which services will continue until all questions of the Class Members have been answered and a Final Approval Order is entered. Affidavits in support of these fees and costs, based upon Class Counsels' current hourly rates, will be provided to the Court at the final approval hearing.  Defendants' counsel, after negotiating the amount of fees in this case, has agreed not to contest Class Counsel's rates or the amount of fees sought.

   e. If the Settlement is not given final approval for any reason, or the Effective Date does not occur, or the Agreement is rescinded and terminated, the Parties shall be restored

2

to their respective positions in the Action as of the date the Settlement Agreement was effective.  In such event, the terms and provisions of the Agreement shall have no further force and effect with respect to the Parties, shall be deemed to be without prejudice in any way to the position of the Parties with respect to this Action or any other action, and shall not be used in the Action or in any other proceeding for any purpose, except as provided in the Agreement or herein.

3. <u>Settlement Hearing</u>.  A Settlement Hearing will be held on **Monday, June 26, 2006, at 9:00 a.m.** at which time the Court will determine whether the Settlement of the Action, including Class Counsel's Attorneys' Fees Application, should be finally approved as fair, reasonable, and adequate and whether the Judgment and Order of Dismissal with Prejudice (the "Judgment") should be entered.  The Court may adjourn or continue the Settlement Hearing without further notice to the Settlement Class.

4. <u>Form and Content of Notice</u>.  The Court approves, as to form and content, for distribution to the Class Members the Notice in the form attached as <u>Exhibit B</u> to the Joint Motion for Preliminary Approval.

5. <u>Mailed Notice</u>.  Defendants shall cause the Notice to be sent to Class Members with Accessible Contact Information within 20 days after the Preliminary Approval Order is entered through the use of Settlement Administrator First Class, Inc.  Defendants' counsel shall file with the Court and serve upon Class Counsel, no later than 5 business days prior to the Final Approval Hearing, an affidavit or declaration from the Settlement Administrator stating that the mailings have been completed in accordance with the terms of this Preliminary Approval Order.

6. <u>Best Practicable Notice</u>.  The Court finds that dissemination of the Notice in the manner described herein constitutes the best notice practicable under the circumstances to potential Class Members and complies fully with Federal Rule of Civil Procedure 23, any and all substantive

3

and procedural due process rights guaranteed by the United States Constitution, and any other applicable law.  No further notices to the class members are required.

7. <u>Requests for Exclusion</u>.  Any Person may seek to be excluded from the Settlement, as explained in the Class Notice.  Any Person so excluded shall not be bound by the Settlement and shall not be entitled to any of its benefits.  To be timely, a request for exclusion must be sent to the Settlement Administrator and be received no later than the Opt-Out Date.  No later than 5 business days before the Final Approval Hearing, Counsel shall file and serve a list of all individuals or entities who timely and effectively request exclusion.

8. <u>Objections.</u>  Any Class Member who objects to the Settlement shall have a right to appear and be heard at the Settlement Hearing provided that such person files with the Court and delivers to designated Class Counsel and Defendants' Counsel a written notice of objection identifying, in writing, specific reasons for the objection.  The objection must be no more than 15 pages and must be received at least 14 business days prior to the Final Approval Hearing.  Class Counsel and Defendants' Counsel may, but need not, respond to the objections, if any, by means of a memorandum of law, filed and served no later than 5 business days prior to the Final Approval Hearing.  Only Class Members who have filed and delivered valid and timely written notices of objection will be entitled to be heard at the Final Approval Hearing, unless the Court orders otherwise. Any Class Member who does not make his or her objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement or the award of Attorneys' Fees to Class Counsel, unless otherwise ordered by the Court.

9. <u>Defendants' Denial of Liability.</u>  The Court notes that Defendant denies any liability to Plaintiffs or to the Class for any matter whatsoever. Without conceding any infirmity in their defenses, and while continuing to deny all allegations of liability, Defendants consider it desirable that the Action be dismissed and that the claims against Defendants be released, on the terms set forth herein, in order to avoid further expense, dispose of burdensome and protracted litigation and put to rest all claims which have or could have been asserted against Defendants arising from the acts, transactions, or occurrences alleged in the Action.

10. <u>Stay of Discovery and Litigation.</u>  All discovery and other proceedings in the Action are stayed until further order of the Court, except as may be necessary to implement the Settlement or comply with the terms of the Agreement.

11. <u>Injunction.</u>  The Court hereby bars and enjoins all Class Members, except those who have timely and effectively requested exclusion, from instituting, or prosecuting any action, or proceeding, whether class or individual, against Defendants for liability in any way related to, arising out of, or based upon the Released Claims, unless and until the Agreement is terminated.

12. <u>Extension of Deadlines.</u>  The Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to the Class.

13. <u>Deadline for Opt-Outs.</u>  To be legally effective, all requests for exclusion described in paragraph 7, above, must be received by **June 5, 2006.**

14. <u>Deadline for Objections.</u>  Class Member Objections, as described in paragraph 8 above, must be delivered to Class Counsel and Defendants' Counsel and filed with the Court on or before June 5, 2006.  Objections not filed and served in a timely manner shall be deemed waived.

5

15. <u>Deadline for Submitting Claim Forms.</u>  Class members who wish to receive their cash recovery in accordance with the Settlement Agreement must send in a claim form.  The claim form must be received by the Settlement Administrator on or before **June 5, 2006** in order to be deemed valid.

Dated:   March 28, 2006

                                     */s/ James Ware*
JAMES WARE
United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

**Brian Lewis Bromberg brian@bromberglawoffice.com**
**Lance A. Raphael lar@caclawyers.com**
**Maureen Ann Harrington mharrington@mghhsf.com**
**Ronald Wilcox ronaldwilcox@post.harvard.edu**

**Dated: March 28, 2006**                                            **Richard W. Wieking, Clerk**

                                                                       **By:   /s/ JW Chambers**
                                                                              **Melissa Peralta**
                                                                              **Courtroom Deputy**